# Exhibit A

FILE #123259-01-1/lfp

DATE OF FILING:
INDEX #:

Plaintiff designates
Dutchess County
as the place of trial.

The basis of venue is
Plaintiff(s) residence.

Plaintiff resides at
24 Biscayne Boulevard
Poughkeepsie, New York
County of Dutchess.

SUPREME COURT STATE OF NEW YORK
COUNTY OF DUTCHESS
-------------------------------------------------------------------------------X
GLORIA CUKAR,

                                           Plaintiff,

                                                                 SUMMONS

               -against-

COMPASS GROUP USA, INC. and MORRISON MANAGEMENT
SPECIALISTS, INC.,

                                           Defendants.
-------------------------------------------------------------------------------X
To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within –20- days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

                             FINKELSTEIN & PARTNERS, LLP
                                Attorneys for Plaintiff(s)
                             1279 Route 300, Box 1111
                           Newburgh, New York 1255
                               1-845-562-0203

                           *Elyssa Fried-DeRosa*
                     _____
                     ELYSSA M. FRIED-DE ROSA, ESQ.

Dated: January    , 2021.
DEFENDANTS' ADDRESS:
SEE VERIFIED COMPLAINT

File #123259-01-1/lfp

STATE OF NEW YORK
SUPREME COURT : COUNTY OF DUTCHESS
------------------------------------------x
GLORIA CUKAR,

                      Plaintiff,

         -against-                      VERIFIED COMPLAINT

COMPASS GROUP USA, INC. and
MORRISON MANAGEMENT SPECIALISTS, INC.,

                      Defendants.
------------------------------------------x

    Plaintiff, by attorneys, FINKELSTEIN & PARTNERS, LLP, as and for the Verified Complaint, herein alleges the following:

           AS AND FOR A FIRST CAUSE OF ACTION ON
            BEHALF OF PLAINTIFF, GLORIA CUKAR

    1. That at all times hereinafter mentioned, the plaintiff was and still is a resident of the County of Dutchess, State of New York.

    2. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

    3. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was and still is a

foreign corporation duly incorporated within the State of Delaware.

4. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was and still is a foreign corporation authorized to do business in the State of New York.

5. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was and still is a business entity doing business within the State of New York.

6. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was and still is a domestic corporation organized and existing under and by virtue of the Laws of the State of New York.

7. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was and still is a foreign corporation duly incorporated within the State of Georgia.

8. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was and still is a foreign corporation authorized to do business in the State of New York.

9. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was and still is a business entity doing business within the State of

New York.

10. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., is a subsidiary of defendant, COMPASS GROUP USA, INC.

11. That at all times hereinafter mentioned, upon information and belief, one, Westchester County Health Care Corporation, was the owner of a certain hospital and premises, located on 241 North Road, Poughkeepsie, County of Dutchess, State of New York, known as "Mid Hudson Regional Hospital".

12. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was the managing agent of the aforesaid hospital and premises.

13. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., maintained the aforesaid hospital and premises.

14. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., managed the aforesaid hospital and premises.

15. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., controlled the aforesaid hospital and premises.

16. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., operated the

aforesaid hospital and premises.

17. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was the lessee of the aforesaid hospital and premises.

18. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was the lessor of the aforesaid hospital and premises.

19. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was the owner of the Cafeteria, located within the hospital premises, located on 241 North Road, Poughkeepsie, County of Dutchess, State of New York, known as "Mid Hudson Regional Hospital".

20. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was the managing agent of the aforesaid Cafeteria premises.

21. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., maintained the aforesaid Cafeteria premises.

22. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., managed the aforesaid Cafeteria premises.

23. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., controlled the

4

aforesaid Cafeteria premises.

24. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., operated the aforesaid Cafeteria premises.

25. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was the lessee of the aforesaid Cafeteria premises.

26. That at all times hereinafter mentioned, upon information and belief, the defendant, COMPASS GROUP USA, INC., was the lessor of the aforesaid Cafeteria premises.

27. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was the managing agent of the aforesaid hospital and premises.

28. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., maintained the aforesaid hospital and premises.

29. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., managed the aforesaid hospital and premises.

30. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., controlled the aforesaid hospital and premises.

31. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., operated the aforesaid hospital and premises.

32. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was the lessee of the aforesaid hospital and premises.

33. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was the lessor of the aforesaid hospital and premises.

34. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was the owner of the Cafeteria, located within the hospital premises, located on 241 North Road, Poughkeepsie, County of Dutchess, State of New York, known as "Mid Hudson Regional Hospital".

35. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was the managing agent of the aforesaid Cafeteria premises.

36. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., maintained the aforesaid Cafeteria premises.

37. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC.,

managed the aforesaid Cafeteria premises.

38. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., controlled the aforesaid Cafeteria premises.

39. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., operated the aforesaid Cafeteria premises.

40. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was the lessee of the aforesaid Cafeteria premises.

41. That at all times hereinafter mentioned, upon information and belief, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., was the lessor of the aforesaid Cafeteria premises.

42. That on a date prior to the 2nd day of October, 2019, the defendant, COMPASS GROUP USA, INC., provided food services at the aforesaid hospital premises.

43. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had a contract with defendant, COMPASS GROUP USA, INC., to provide certain janitorial services and/or floor maintenance of the aforesaid Cafeteria premises.

44. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had an agreement with

7

defendant, COMPASS GROUP USA, INC., to provide certain janitorial services and/or floor maintenance of the aforesaid Cafeteria premises.

45. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had a contract with defendant, COMPASS GROUP USA, INC., to maintain the aforesaid Cafeteria premises including the entrance/exitway.

46. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had an agreement with defendant, COMPASS GROUP USA, INC., to maintain of the aforesaid Cafeteria premises including the entrance/exitway.

47. That on a date prior to the 2nd day of October, 2019, the defendant, MORRISON MANAGEMENT SPECIALISTS, INC., provided food services at the aforesaid hospital premises.

48. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had a contract with defendant, MORRISON MANAGEMENT SPECIALISTS, INC., to provide certain janitorial services and/or floor maintenance of the aforesaid Cafeteria premises.

49. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had an agreement with defendant, MORRISON MANAGEMENT SPECIALISTS, INC., to provide certain janitorial services and/or floor maintenance of the

aforesaid Cafeteria premises.

50. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had a contract with defendant, MORRISON MANAGEMENT SPECIALISTS, INC., to maintain the aforesaid Cafeteria premises including the entrance/exitway.

51. That on a date prior to the 2nd day of October, 2019, one, Westchester County Health Care Corporation, had an agreement with defendant, MORRISON MANAGEMENT SPECIALISTS, INC., to maintain of the aforesaid Cafeteria premises including the entrance/exitway.

52. That at all times hereinafter mentioned, the Cafeteria, more specifically the center of the entrance/exitway of the aforesaid premises was the situs of the within incident.

53. That on or about the 2nd day of October, 2019, this plaintiff was lawfully walking upon the aforesaid Cafeteria premises.

54. That on or about the 2nd day of October, 2019, while this plaintiff was lawfully walking upon the aforesaid entrance/exitway premises, she was caused to be precipitated to the floor, thereby sustaining severe and serious personal injuries.

55. The accident and injuries alleged herein were caused by the negligent, wanton, reckless and careless acts of the defendants herein.

56. That the defendants, their agents, servants and/or employees were negligent, wanton, reckless and careless, in among other

things, allowing, causing and/or permitting slippery, dangerous, hazardous and unsafe conditions to exist on the aforesaid entrance/exitway premises; in allowing, causing and/or permitting food and/or other slippery substances to exist onto the aforesaid premises; in failing to adequately and properly clean up or provide for the cleaning up of the food and/or slippery substance from the aforesaid premises; in providing inadequate food containers to patrons on the aforesaid premises; in acting with reckless disregard for the safety of others; and in other ways being negligent, wanton, reckless and careless.

57. The limited liability provisions of the C.P.L.R. 1601 do not apply pursuant to one or more of the exceptions of C.P.L.R. 1602.

58. That the defendants, their agents, servants and/or employees had actual and/or constructive notice of the dangerous and defective conditions in that the conditions existed for a sufficient length of time prior to the happening of the within accident and in the exercise of reasonable care, the defendants could have and should have had knowledge and notice thereof, and further, the defendants, their agents, servants and/or employees created said conditions.

59. That as a result of this accident, this plaintiff was caused to sustain severe and serious personal injuries to her mind and body, some of which, upon information and belief, are permanent

with permanent effects of pain, disability, disfigurement and loss of body function. Further, this plaintiff was caused to expend and become obligated for diverse sums of money for the purpose of obtaining medical care and/or cure in an effort to alleviate the suffering and ills sustained as a result of this accident; the plaintiff further was caused to lose substantial periods of time from her normal vocation, and upon information and belief, may continue in that way into the future and suffer similar losses.

60. That by reason of the foregoing, this plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would have jurisdiction of this matter.

WHEREFORE, plaintiff demands judgment against the defendants and each of them as follows:

(1) A sum which exceeds the jurisdictional limits of all lower courts which the jury would find to be fair, adequate and just in the First Cause of Action, together with the costs and disbursements of this Action.

Yours, etc.,

FINKELSTEIN & PARTNERS, LLP
Attorneys for Plaintiffs
Office & P.O. Address
1279 Route 300, Box 1111
Newburgh, New York 12551

BY: *Elyssa Fried-DeRosa*
    ELYSSA M. FRIED, DE-ROSA, ESQ.

TO: COMPASS GROUP USA, INC.
    MORRISON MANAGEMENT SPECIALISTS, INC.
    Defendants
    c/o Secretary of State
    1 Commerce Boulevard
    Albany, New York 12231

STATE OF NEW YORK : COUNTY OF DUTCHESS ss:

GLORIA CUKAR, being duly sworn says; I am the plaintiff in the action herein; I have read the annexed Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

*GCukar*

GLORIA CUKAR

Sworn to before me on
January 1/19/2021 , 2021.

NOTARY PUBLIC

AMANDA CHANOWSKY
Notary Public
Orange County
State of New York
Commission Expires 5/4/2022

01CH6006656

AC