# Exhibit B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF DUTCHESS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x    Index No. 2021-50233
GLORIA CUKAR

                          Plaintiff,

   -against-

COMPASS GROUP USA, INC. and MORRISON
MANAGEMENT SPECIALISTS, INC.,

                        Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**DEFENDANTS VERIFIED ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT**

Defendant Compass Group USA, Inc. ("Compass") and Defendant Morrison Management Specialists, Inc. ("Morrison") by and through undersigned counsel SHOOK HARDY & BACON, L.L.P. submit the following Verified Answer to Plaintiff Gloria Cukar's ("Plaintiff) Complaint. All allegations not specifically admitted herein are denied.

1. Compass and Morrison (collectively, "Defendants") are without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 1 of Plaintiff's Complaint and therefore, deny the allegations.

2. Defendants state Compass Group USA, Inc. is a Delaware Corporation authorized to do business in the State of New York with its principal place of business at 2400 Yorkmont Road in Charlotte, North Carolina. Defendants deny any remaining allegations stated in Paragraph 2 of Plaintiff's Complaint.

3. Defendants state Compass Group USA, Inc. is a Delaware Corporation authorized to do business in the State of New York with its principal place of business at 2400 Yorkmont Road in Charlotte, North Carolina. Defendants deny any remaining allegations stated in Paragraph 3 of Plaintiff's Complaint.

4. Defendants state Compass Group USA, Inc. is a Delaware Corporation authorized to do business in the State of New York with its principal place of business at 2400 Yorkmont Road in Charlotte, North Carolina. Defendants deny any remaining allegations stated in Paragraph 4 of Plaintiff's Complaint.

5. Defendants state Compass Group USA, Inc. is a Delaware Corporation authorized to do business in the State of New York with its principal place of business at 2400 Yorkmont Road in Charlotte, North Carolina. Defendants deny any remaining allegations stated in Paragraph 5 of Plaintiff's Complaint.

6. Defendants state Morrison Management Specialists, Inc. is a Georgia Corporation authorized to do business in the state of New York with a principal place of business at 400 Northridge Road in Sandy Springs, Georgia. Defendants deny any remaining allegations stated in Paragraph 6 of Plaintiff's Complaint.

7. Defendants state Morrison Management Specialists, Inc. is a Georgia Corporation authorized to do business in the state of New York with a principal place of business at 400 Northridge Road in Sandy Springs, Georgia. Defendants deny any remaining allegations stated in Paragraph 7 of Plaintiff's Complaint.

8. Defendants state Morrison Management Specialists, Inc. is a Georgia Corporation authorized to do business in the state of New York with a principal place of business at 400 Northridge Road in Sandy Springs, Georgia. Defendants deny any remaining allegations stated in Paragraph 8 of Plaintiff's Complaint.

9. Defendants state Morrison Management Specialists, Inc. is a Georgia Corporation authorized to do business in the state of New York with a principal place of business at 400

Northridge Road in Sandy Springs, Georgia. Defendants deny any remaining allegations stated in Paragraph 9 of Plaintiff's Complaint.

10. Defendants state that Morrison Management Specialists, Inc. is a subsidiary of Compass Group USA, Inc. Defendants deny any remaining allegations stated in Paragraph 10 of Plaintiff's Complaint.

11. Defendants are without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 11 of Plaintiff's Complaint and therefore, deny the allegations.

12. The allegations stated in Paragraph 12 of Plaintiff's Complaint call for a legal conclusion to which no response is required. To the extent a response is required from Defendants, Defendants deny the allegations.

13. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 13 of Plaintiff's Complaint.

14. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 14 of Plaintiff's Complaint.

15. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself

4851-5401-8014 v2

and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint.

16. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 16 of Plaintiff's Complaint.

17. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint.

18. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 18 of Plaintiff's Complaint.

19. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 19 of Plaintiff's Complaint.

20. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 20 of Plaintiff's Complaint.

21. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 21 of Plaintiff's Complaint.

22. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 22 of Plaintiff's Complaint.

23. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 23 of Plaintiff's Complaint.

24. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself

4851-5401-8014 v2

and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 24 of Plaintiff's Complaint.

25. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 25 of Plaintiff's Complaint.

26. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 26 of Plaintiff's Complaint.

27. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 27 of Plaintiff's Complaint.

28. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 28 of Plaintiff's Complaint.

4851-5401-8014 v2

29. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 29 of Plaintiff's Complaint.

30. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 30 of Plaintiff's Complaint.

31. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 31 of Plaintiff's Complaint.

32. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 32 of Plaintiff's Complaint.

33. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that

4851-5401-8014 v2

speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 33 of Plaintiff's Complaint.

34. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 34 of Plaintiff's Complaint.

35. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 35 of Plaintiff's Complaint.

36. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 36 of Plaintiff's Complaint.

37. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 37 of Plaintiff's Complaint.

38. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 38 of Plaintiff's Complaint.

39. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 39 of Plaintiff's Complaint.

40. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 40 of Plaintiff's Complaint.

41. Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 41 of Plaintiff's Complaint.

42. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extension or addenda, is a fully integrated written document that speaks for itself

and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 42 of Plaintiff's Complaint.

43. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extension or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 43 of Plaintiff's Complaint.

44. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extension or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 44 of Plaintiff's Complaint.

45. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extension or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 45 of Plaintiff's Complaint.

46. Defendants state Compass contracted with Westchester County Health Corporation to provide services at certain "Facilities" as defined in the contract. The contract, including any amendments, extension or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 46 of Plaintiff's Complaint.

4851-5401-8014 v2

47.     Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 47 of Plaintiff's Complaint.

48.     Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 48 of Plaintiff's Complaint.

49.     Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 49 of Plaintiff's Complaint.

50.     Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 50 of Plaintiff's Complaint.

51.     Defendants state Morrison contracted with Westchester Medical Center Advanced Physician Services, PC to perform certain services as defined in the contract. The contract, including any amendments, extensions or addenda, is a fully integrated written document that

4851-5401-8014 v2

speaks for itself and Defendants deny any attempt to characterize its provisions here. Defendants deny any remaining allegations set forth in Paragraph 51 of Plaintiff's Complaint.

52. Defendants are without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 52 of Plaintiff's Complaint and therefore, deny the allegations.

53. The allegations stated in Paragraph 53 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

54. Defendants are without knowledge or information sufficient to admit or deny the allegations stated in Paragraph 54 of Plaintiff's Complaint and therefore, deny the allegations.

55. Defendants deny the allegations stated in Paragraph 55 of Plaintiff's Complaint.

56. Defendants deny the allegations stated in Paragraph 56 of Plaintiff's Complaint.

57. The allegations stated in Paragraph 57 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

58. Defendants deny the allegations stated in Paragraph 58 of Plaintiff's Complaint.

59. Defendants deny the allegations stated in Paragraph 59 of Plaintiff's Complaint.

60. The allegations stated in Paragraph 60 of Plaintiff's Complaint call for a legal conclusion to which no response is required.  To the extent a response is required from Defendants, Defendants deny the allegations.

WHEREFORE, Defendant Compass Group USA, Inc. and Defendant Morrison Management Specialists, Inc., deny that Plaintiff is entitled to any judgment or relief requested in the "WHEREFORE" clause following paragraph 60 of Plaintiff's Verified Complaint.

## FIRST AFFIRMATIVE DEFENSE

Defendants deny the allegations of liability, causation and responsibility for alleged damages asserted by Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's Verified Complaint fails to state a claim against Defendants upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff sustained the damages that were in whole or in part caused by Plaintiff's culpable conduct, including contributory negligence and/or assumption of the risk, Plaintiff's recovery, if any, must be diminished in the proportion which the culpable conduct attributable to Plaintiff bears to the culpable conduct which caused the damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by workers compensation law.

## SIXTH AFFIRMATIVE DEFENSE

If the negligence, fault, or carelessness of other persons or entities, for whose actions Defendants is neither responsible nor liable, was the sole, intervening or superseding cause of Plaintiff's damages, any recovery by Plaintiff against Defendants is barred.

## SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff failed to mitigate damages and, any recovery by Plaintiff should not include any loss which could have been prevented by reasonable care and diligence exercised after the alleged losses referred to in Plaintiff's Verified Complaint occurred.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants state that if Plaintiff suffered any damages, which is not hereby admitted, Defendants request that the negligence of Plaintiff, if any, be compared to the alleged negligence or fault of Defendants to the extent that any such negligence or fault of Plaintiff caused or contributed to cause the injuries or damages alleged by Plaintiff, thus barring or reducing any recovery, if any, to Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

In the event Plaintiff recovers a verdict or judgment against Defendants, then said verdict or judgment must be reduced pursuant to C.P.L.R. §4545(c) by those amounts.

### TENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff's assumption of the risk caused or contributed to Plaintiff's alleged damages and any recovery by Plaintiff against Defendants is barred.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery against, if any, should be reduced or barred by any settlement, judgment, or payment of any kind received from any other individual or entity in connection with the subject matter of the incident described in Plaintiff's Verified Complaint.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants plead the provisions of Article 50 of the C.P.L.R.

### THIRTEENTH AFFIRMATIVE DEFENSE

This action should be dismissed to the extent that all necessary and indispensable parties have not been joined in this action.

### FOURTEENTH AFFIRMATIVE DEFENSE

All limitations of liability made available by Article 16 of the C.P.L.R. apply to Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE

That in the event of any verdict of judgment on behalf of the Plaintiff, Defendants are entitled to a set-off or credit with respect to the amounts of any payments made to the Plaintiff under GOL § 15-108 for this action and any companion actions arising out of the same set of events as pleaded here.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any additional defenses as may become available through investigation and discovery and to adopt and assert any defenses raised or asserted by any other Defendant, if any, to this action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The claims in Plaintiff's Verified Complaint are barred in whole or in part by the terms, definitions, exclusion, conditions, and limitations contained in the parties' contracts.

WHEREFORE, Defendant Compass Group USA, Inc. and Defendant Morrison Management Specialists, Inc., demand judgment dismissing the Verified Complaint of Plaintiff, and if Plaintiff is found to have contributed to the alleged damages, that any damages be reduced in proportion to which Plaintiff may be found to have so contributed to the damages, together with costs and disbursements.

Dated: New York, New York  
       April 12, 2021

Respectfully submitted,

SHOOK HARDY & BACON, L.L. P.

By: /s/ Joseph Iemma  
    Joseph Iemma. Esq.  
    Robb A. Denney, Esq.  
    SHOOK HARDY & BACON, L.L.P  
    1325 Avenue of the Americas  
    28th Floor  
    New York, NY 10019  
    (212) 989-8844  
    jiemma@shb.com  
    rdenney@shb.com

    *Attorneys for Defendants Compass Group USA, Inc. and Morrison Management Specialists, Inc.*

TO: FINKELSTEIN & PARTNERS, LLP  
*Attorneys for Plaintiff*  
Elyssa M Fried, De-Rosa, Esq.  
1279 Route 300, Box 1111  
Newburgh, New York 12551  
(845) 562-0203  
efile@lawampm.com

## **VERIFICATION**

STATE OF NEW YORK  )
                   ) ss:
COUNTY OF NEW YORK )

That I, the undersigned, am an attorney admitted to practice in the Court of the State of New York, and say that: I am the attorney of record for Compass Group USA, Inc. and Morrison Management Specialists, Inc., in the above-captioned matter. I have read the annexed Verified Answer and Affirmative Defenses and know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon the following: review and analysis of documents in the file.

The reason I make this verification instead of defendant is that defendant does not maintain their principal offices in the same county in which the undersigned maintains its offices.

I affirm that the foregoing statements are true under penalties of perjury.

Dated: April 12, 2021

                                                By: /s/ Joseph Iemma
                                                     Joseph Iemma, Esq.

4851-5401-8014 v2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF DUTCHESS**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x   Index No. 2021-50233
GLORIA CUKAR

                    Plaintiff,

                                                   **AFFIDAVIT OF MAILING**

   -against-.

COMPASS GROUP USA, INC. and MORRISON
MANAGEMENT SPECIALISTS, INC.,

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

STATE OF NEW YORK   )
                               ) ss:
COUNTY OF NEW YORK)

        _____being duly sworn, deposes and says:

        That deponent is not a party to this action, am over 18 years of age and reside in the County of New York in the State of New York; and

        On _____, 2021, deponent served a true and correct copy of the enclosed by depositing a true copy of same enclosed in a post-paid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service upon:

FINKELSTEIN & PARTNERS, LLP
Elyssa M Fried, DE-Rosa, Esq.
1279 Route 300, Box 1111
Newburgh, New York 12551
(845) 562-0203

                                                                 _____

Sworn to before me this
_____ day of _____, 2021

_____
       Notary Public